UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12351-RGS

REIHANA EMANI ARANDI

v.

MARK MORGAN, Acting Commissioner, U.S. Customs
and Border Protection, et al.,

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

April 16, 2020

STEARNS, D.J.

Plaintiff Reihana Emani Arandi is an Iranian citizen who attempted to enter the United States on a validly issued F-1 student visa with the stated intention of pursuing a master's degree in theology at the Harvard Divinity School. After intensive secondary screening at Boston Logan Airport following her arrival on September 18, 2019, she was refused admission to the United States by Customs and Border Protection (CBP). When she asked why, she was told that "you cannot overcome the presumption of being an intending immigrant." Pl.'s Opp'n at 3. She was then issued an expedited removal order and placed on a flight to Doha, Qatar. In this lawsuit, Arandi does not contest the validity of the removal order nor does she claim any constitutional right of admission as a non-citizen to the United

States. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018). Rather, she claims a right under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, *et seq.*, to a more fulsome explanation from CBP of its reasons for ordering her expedited removal. *See id.*, § 706(2).

The government makes two arguments in response. First, the government contends that the Immigration and Naturalization Act (INA), 8 U.S.C. § 1252(a)(2)(A)(i), explicitly divests this court of jurisdiction to review "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order" of expedited removal. Subsection (e) further bars the issuance of equitable relief in any matter involving expedited removal with certain habeas corpus exceptions that all agree do not apply in Arandi's case. *See* 8 U.S.C. § 1252(e)(2). Second, the government argues that the APA, because it does not confer subject-matter jurisdiction on the federal court, does not provide Arandi with an independent avenue of judicial review of CBP's decision. Gov't's Mot. at 5, citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977); *see also Jordan Hosp. v. Shalala*, 276 F.3d 72, 77 n.4 (1st Cir. 2002). The government also argues that, even if the APA were held to apply, by its own terms it precludes the review of agency actions committed to agency

discretion – here that of CBP, as a matter of law.  *Id.*

Several reasons lead me to believe that the government has the better of the argument.  First, while it is true that the district court has jurisdiction under 28 U.S.C. § 1331 over a claim properly brought under the APA, *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988), the APA is not itself a jurisdictional statute.  By its own terms, *see* 5 U.S.C. § 701(a), it does not apply where, as here, the INA expressly vests sole discretion over expedited removal orders in the Attorney General.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii).[1]

Second, § 1252(a)(2)(A) divests a district court of the power not only to review the agency's determination itself, but also forbids it "to entertain any other cause or claim *arising from or relating to* the implementation or operation of an order."  (Emphasis added).  The concepts of "arising from" and "or relating to" are not casual constructs, but legislative words borrowed from contract law to signify as broad a range of causation as can be legally contemplated.  *See, e.g., United Nat'l Ins. Co. v. Penuche's Inc.*, 128 F.3d 28, 31-32 (1st Cir. 1997) (discussing "the concept of 'arising out of'"); *Metropolitan Prop. & Cas. Ins. Co. v. Fitchburg Mut. Ins. Co.*, 58 Mass. App.

---

[1] The cases Arandi cites to the contrary, *see, e.g., Sharkey v. Quarantillo*, 541 F.3d 75, 84-85 (2d Cir. 2008), involve determinations of lawful permanent residence status and not the admission to or removal from the United States.

3

Ct. 818, 820-821 (2003) (same).  Congress, in other words, meant the divestiture of jurisdiction to be at its zenith when it comes to the admission and exclusion of nonresident aliens presenting themselves at the U.S. border. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 695 (2001) (noting that the "distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and equating "the political branches' authority to control entry" with "the Nation's armor").

Third, it is not quite true that Arandi was given no explanation of the exclusion order.  As previously noted, she states in her Opposition that she was told that she had not overcome the presumption of being an "intending immigrant."  I understand why Arandi would have perceived this explanation to be perfunctory and unsatisfying, but given the present state of the law, it was more than she was entitled to.[2]

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.[3]

---

[2] Arandi's argument, that 8 C.F.R. §103.5 requires CBP to reopen her removal order, to the extent I follow it, is foreclosed by *Aguilar-Aguilar v. Napolitano*, 700 F.3d 1238, 1242 n.3 (10th Cir. 2012).

[3] The constitutionality of the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(e)(2), is presently before the Supreme Court.  *See Dep't*

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

*of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 427 (Mem.) (Oct. 18, 2019). Consequently, I will provisionally enter the allowance of the motion to dismiss without prejudice, pending the Supreme Court's ultimate decision. I recognize that the issues presented in *Thuraissigiam*, while not altogether identical, might potentially have bearing on this order.